IN THE COURT 
OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,574




CHRIS WAYNE SHUFFIELD, Appellant

v.


THE STATE OF TEXAS





ON DIRECT APPEAL

BOWIE COUNTY




Hervey, J., filed 
a concurring opinion in which Meyers and Keasler, 
JJ., joined. 

CONCURRING 
OPINION

As I understand it, appellant's 
defense at trial was that he was not guilty of capital murder but was guilty 
only of murder, claiming he murdered the victim during an altercation and took 
his truck and other property merely as an after-thought. To this end, appellant, 
through his cross-examination of Sheriff's deputy Prince, sought to establish 
that Prince fabricated a portion of appellant's written statement to Prince 
where appellant claimed to have told his brother Billy that he planned to murder 
the victim for his vehicle. The prosecution rebutted this defensive theory on 
re-direct examination of Prince with Prince's testimony that brother Billy gave 
the police an unfabricated statement that was "very consistent" with appellant's 
statement to Prince. This evidence, therefore, apparently was offered, not for 
the hearsay purpose of supporting the truth of the matter asserted in brother 
Billy's statement, but for the nonhearsay purpose of proving that Prince did not 
fabricate the critical portion of appellant's statement that he planned to 
murder the victim for his vehicle. (1)
In its disposition of points of 
error two and three, the Court assumes that Prince's testimony was offered for 
the hearsay purpose of supporting the truth of the matter asserted in brother 
Billy's statement, and then decides that the admission of this testimony 
violated appellant's confrontation rights under Crawford v. Washington, 
541 U.S. 36 (2004). The Court nevertheless decides that any error was harmless 
beyond a reasonable doubt essentially because appellant stole other items 
besides the victim's truck.
This, however, has little, if 
anything, to do with whether the admission of brother Billy's statement for its 
hearsay purpose was harmless beyond a reasonable doubt given appellant's defense 
in this case. Appellant never disputed that he stole the victim's property. His 
defense was that he did not form the intent to steal any of the victim's 
property until after he murdered the victim. This being appellant's defense, 
that portion of his statement to the police where he claimed to have planned to 
murder the victim for his vehicle took on added significance to the 
prosecution's case that appellant murdered the victim as part of a robbery. A 
jury could have considered the substance of brother Billy's statement to have 
been critical evidence to prove this if the jury doubted whether appellant 
formed the intent to steal the victim's property after the murder and whether 
Prince fabricated critical portions of appellant's statement. Any error in 
admitting brother Billy's statement for its truth may have been harmless beyond 
a reasonable doubt, but not because appellant stole other items besides the 
victim's truck.
I would dispose of points of error 
two and three by deciding that the admission of Prince's testimony did not 
violate appellant's Sixth Amendment Confrontation Clause rights since the record 
supports a finding that brother Billy's statement was not offered for its truth 
but for the nonhearsay purpose of rebutting appellant's defensive theory that 
Prince fabricated critical portions of appellant's statement. See 
Crawford, 541 U.S. at 59 n.9 (Confrontation Clause does not bar use of 
testimonial statements for purposes other than establishing the truth of the 
matter asserted) citing Tennessee v. Street, 471 U.S. 409, 411, 417 
(1985) (defendant's Sixth Amendment Confrontation Clause rights not violated by 
admission of accomplice's confession for nonhearsay purpose of rebutting 
defendant's testimony that his own confession was coercively derived from the 
accomplice's confession). The substantive Confrontation Clause claim presented 
in points of error two and three is controlled by Street which was 
cited with approval in Crawford, 541 U.S. at 59 n.9.
With these comments, I concur in 
the Court's judgment.
Hervey, J. 
Filed: February 15, 
2006
Publish 
1. Based on the portions of the record set out in the 
Court's opinion, it could be argued that the prosecution offered brother Billy's 
statement for its truth (inadmissible purpose) and not to rebut appellant's 
defensive theory that Prince fabricated portions of appellant's statement 
(admissible purpose). This, however, is of no consequence since appellant did 
not request the trial court to limit the evidence to its proper purpose. 
See Tex. R. Evid. 105(a) (court's admission without limitation of 
evidence admissible for one purpose but inadmissible for another purpose is not 
ground for complaint on appeal in absence of request that evidence be limited to 
its proper scope).